UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
MARTIN CERVENCIK § Case No. 11-47531
COLLEEN A CERVENCIK §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_, for a total compensation of $\_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-47531 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | MARTIN CERVENCIK | | | | Date Filed (f) or Converted (c): | 11/23/2011 (f) |
| | COLLEEN A CERVENCIK | | | | 341(a) Meeting Date: | 12/19/2011 |
| For Period Ending: | 11/13/2013 | | | | Claims Bar Date: | 04/24/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home | 220,000.00 | 0.00 | | 0.00 | FA |
| 2. Townhouse | 69,000.00 | 260,000.00 | | 95,108.87 | FA |
| 3. Cash | 25.00 | 0.00 | | 0.00 | FA |
| 4. Checking Account | 850.00 | 0.00 | | 0.00 | FA |
| 5. Checking Account (u) | 75.00 | 0.00 | | 0.00 | FA |
| 6. Household Goods | 1,050.00 | 0.00 | | 0.00 | FA |
| 7. Clothing | 335.00 | 0.00 | | 0.00 | FA |
| 8. IRA | 279.34 | 0.00 | | 0.00 | FA |
| 9. 401k | 22,501.26 | 0.00 | | 0.00 | FA |
| 10. Stock | 3,151.00 | 0.00 | | 0.00 | FA |
| 11. Vehicle | 1,850.00 | 0.00 | | 0.00 | FA |
| 12. Vehicle | 2,875.00 | 0.00 | | 0.00 | FA |
| 13. Cancellation penalty (u) | 0.00 | 175.00 | | 175.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $321,991.60    $260,175.00        $95,283.87    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

013013--Proceeds from sale of joint-owned real estate received; Hiring accountant to prepare tax returns.

| RE PROP # | 1 | -- | Single Family Home at 41 Chelton Road |
| RE PROP # | 2 | -- | Fifty percent interest in Townhouse held with his nephew Mark Cervencik who lives in the property. Inherited property upon death of an Aunt on Marquette Bank Land Trust 95-5-3. 8201 Daniel Drive Justice, Il. Co-owner Mark Cervencik lives in property with his family. |
| RE PROP # | 4 | -- | TCF Bank Checking account 2877076225 |
| RE PROP # | 5 | -- | TCF Checking Bank Account 9877103668 |
| RE PROP # | 6 | -- | Misc. Household Goods and Furnishings No single item worth over $300.00 |
| RE PROP # | 7 | -- | Misc. Clothing No single item worth over $75.00 |
| RE PROP # | 8 | -- | Citi Bank IRA Account No. C51-207576 |
| RE PROP # | 9 | -- | 401 K Plan with Principal Finacial Group |
| RE PROP # | 10 | -- | 47 Shares of UPS Stock |
| RE PROP # | 11 | -- | 2005 Dodge Caravan with over 200,000 miles |
| RE PROP # | 12 | -- | 1998 Ford Explorer VIN IFMZU34E2wuc73862 |
| RE PROP # | 13 | -- | Penalty from potential buyer of real estate for terminating contract |

Initial Projected Date of Final Report (TFR): 11/23/2013    Current Projected Date of Final Report (TFR): 11/23/2013

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 11-47531
Case Name: MARTIN CERVENCIK
COLLEEN A CERVENCIK
Taxpayer ID No: XX-XXX9641
For Period Ending: 11/13/2013

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: Congressional Bank
Account Number/CD#: XXXXXX9629
Checking Account
Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/08/13 | | Chicago Title and Trust Company<br>15255 South 94th Avenue #604<br>Orland Park, Illinois 60462 | Proceeds from sale | | $69,984.10 | | $69,984.10 |
| | | | Gross Receipts         $95,108.87 | | | | |
| | | Prestige Properties | Administrative Expense  ($3,250.00) | 3510-000 | | | |
| | | Title Recording and Settlement Charges | Administrative Expense  ($11,024.66) | 2500-000 | | | |
| | | Buyer Credits and Earnest Money | Administrative Expense  ($6,550.00) | 2500-000 | | | |
| | | Real Estate Taxes | Administrative Expense  ($4,300.11) | 2500-000 | | | |
| | 2 | | Townhouse              $95,108.87 | 1110-000 | | | |
| 01/29/13 | 1001 | Mark Cervencik<br>c/o Antonietti and Associates<br>1461 Ring Road<br>Calumet City, Illinois 60409<br>Attn: Charles Antonietti | Settlement payment to joint owner of real estate pursuant to court order. | 4110-000 | | $41,090.46 | $28,893.64 |
| 02/12/13 | | Transfer to Acct # xxxxxx8150 | Transfer of Funds | 9999-000 | | $28,893.64 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $69,984.10 | $69,984.10 |
| Less: Bank Transfers/CD's | $0.00 | $28,893.64 |
| Subtotal | $69,984.10 | $41,090.46 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $69,984.10 | $41,090.46 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:     $69,984.10     $69,984.10

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-47531 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: MARTIN CERVENCIK | Bank Name: The Bank of New York Mellon |
| COLLEEN A CERVENCIK | Account Number/CD#: XXXXXX8150 |
| | Checking |
| Taxpayer ID No: XX-XXX9641 | Blanket Bond (per case limit): |
| For Period Ending: 11/13/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx9629 | Transfer of Funds | 9999-000 | $28,893.64 | | $28,893.64 |
| 02/21/13 | 13 | Prestige Properties Escrow Account 1313 East Sibley Boulevard, Suite 103 Dolton, Illinois 60419 | Settlement payment Penalty for terminating Purchase Agreement regarding real property | 1249-000 | $175.00 | | $29,068.64 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $23.58 | $29,045.06 |
| 03/27/13 | 100001 | INTERNATIONAL SURETIES 701 Poydras St Suite 420 New Orleans, LA 70139 | 2013 Blanket bond disbursement | 2300-000 | | $40.84 | $29,004.22 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $43.18 | $28,961.04 |
| 05/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $41.67 | $28,919.37 |
| 05/14/13 | 100002 | Alan Lasko and Associates PC 29 South LaSalle Street Suite 1240 Chicago, Illinois 60603 | Administrative Expense | 3310-000 | | $1,330.83 | $27,588.54 |
| 05/14/13 | 100003 | Alan Lasko and Associates PC 29 South LaSalle Street Suite 1240 Chicago, Illinois 60603 | Administrative Expense | 3320-000 | | $34.91 | $27,553.63 |
| 05/15/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Refund Bank and Technology Services Fee | 2600-000 | | ($41.67) | $27,595.30 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $29,068.64 | $1,473.34 |
| Less: Bank Transfers/CD's | $28,893.64 | $0.00 |
| Subtotal | $175.00 | $1,473.34 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $175.00 | $1,473.34 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | | |
|---|---:|---:|
| Page Subtotals: | $29,068.64 | $1,473.34 |

Exhibit B

### TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX8150 - Checking | $175.00 | $1,473.34 | $27,595.30 |
| XXXXXX9629 - Checking Account | $69,984.10 | $41,090.46 | $0.00 |
|  | $70,159.10 | $42,563.80 | $27,595.30 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $25,124.77 |
|---|---|
| Total Net Deposits: | $70,159.10 |
| Total Gross Receipts: | $95,283.87 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-47531  
Case Name: MARTIN CERVENCIK  
          COLLEEN A CERVENCIK  
Trustee Name: Joji Takada, Chapter 7 Trustee

    Balance on hand                                                           $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | Mark Cervencik | $ | $ | $ | $ |

    Total to be paid to secured creditors                         $_____

    Remaining Balance                                              $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan Lasko and Associates PC | $ | $ | $ |
| Accountant for Trustee Expenses: Alan Lasko and Associates PC | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Department Of The Treasury | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance                        $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | DISCOVER BANK | $ | $ | $ |
| 3 | Foran Funeral Home | $ | $ | $ |
| 4 | Capital One, N.A. | $ | $ | $ |
| 5 | Capital One Bank (Usa) Na | $ | $ | $ |
| 6 | Capital One Bank (Usa) Na | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | Capital Recovery Iv Llc | $ | $ | $ |
| 8 | Capital Recovery Iv Llc | $ | $ | $ |
| 9 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 10 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 11 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 12 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 13 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 14 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 15 | American Infosource Lp As Agent For | $ | $ | $ |
| 16 | Portfolio Recovery Associates, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors           $_____

Remaining Balance                                                $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE